UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT EVATT,

        Plaintiff,

   v.

MARY MARTIN, et al.

        Defendants.

CASE NO. 3:15-CV-05756-RBL-JRC

SECOND ORDER TO SHOW CAUSE

Plaintiff Scott Evatt, proceeding *pro se* and *in forma pauperis,* filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's amended complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's amended complaint (Dkt. 10), but provides plaintiff leave to file a second amended complaint by February 5, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently housed at the Pierce County Jail, alleges that on June 28, 2013, he was arrested for felony burglary and violating a no-contact order. Dkt. 10 at 3. Plaintiff

alleges that there was no proof of the burglary and that the no-contact order was not valid. *Id.* Plaintiff contends that the court clerk erred and that the no-contact order should have been invalidated prior to 2013. *Id.*

Plaintiff alleges that defendant Demaine, the deputy prosecuting attorney, violated plaintiff's constitutional rights by inventing the no-contact order violation. *Id.* at 4. Plaintiff alleges that he was not guilty of a misdemeanor because plaintiff did not enter his father's house and his father was not home. *Id.* Plaintiff alleges that defendant Demaine maliciously prosecuted plaintiff and forced him to plead guilty. *Id.* Plaintiff alleges that defendant Eggertson, the acting deputy prosecutor, illegally prosecuted plaintiff by withholding discovery. *Id.* at 5.

Plaintiff alleges that defendants McNeish and Martin were assigned as plaintiff's counsel and that they violated plaintiff's rights to effective assistance of counsel. *Id.* at 9. Plaintiff alleges that defendant Franz was connected with defendants McNeish and Martin and that defendant Franz stalled plaintiff's pro se defense. *Id.* at 10.

Plaintiff alleges that defendant Nevin, a Pierce County Superior Court Judge, denied three of plaintiff's motions in May 2014, which constituted unlawful imprisonment. *Id.* at 6-8.

Plaintiff seeks $50,000 in damages for mental anguish, $75,000 in damages for false imprisonment, $75,000 in damages for pain and suffering caused from the oppressive incarceration, and $75,000 in punitive damages. *Id*. at 12.

## DISCUSSION

The Court declines to serve plaintiff's amended complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).  To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the

conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### A. Challenge to Convictions/Imprisonment

Plaintiff challenges his conviction and seeks monetary damages for his "false imprisonment." Dkt. 10 at 12. Plaintiff alleges that the actions by defendants Franz, McNeish, and Martin constitute ineffective assistance of counsel. *Id.* at 7-9. However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the [§] 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To obtain federal judicial review of a state court conviction, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies. *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).

Plaintiff's claims of ineffective assistance of counsel against defendants Martin, Franz and McNeish "necessarily imply the invalidity" of his criminal proceedings.  *See id.*; *see also Strickland v. Washington,* 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds,* 964 F.2d 956, 958–59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time).

Furthermore, plaintiff's claims of malicious prosecution against defendant Demaine and unlawful imprisonment against defendant Nevin would also necessarily imply the invalidity of plaintiff's conviction, as well. *See Heck*, 512 U.S. at 483-87 (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim, which includes as an element that the criminal proceeding was concluded in plaintiff's favor); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid). Thus, because plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a § 1983 claim for damages has not yet accrued. *See Heck,* 512 U.S. at 489–90. Plaintiff's remedy must first be pursued in state court

before bringing a federal action.  *See Heck*, 512 U.S. at 487.  Plaintiff must show cause why this claim should not be dismissed.

### B. Prosecutorial and Judicial Immunity

Plaintiff names defendant Demaine in his complaint and alleges that she is a prosecutor. Dkt. 10 at 5. Plaintiff alleges that defendant Nevin is a Pierce County Superior Court Judge. *Id.* at 8-10.

Despite their capacity as state actors, "certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment." *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir. 1991).  Accordingly, judges, prosecutors, and officials performing "quasi-judicial" functions have absolute immunity from suit for acts performed in their official capacity.  *Id.* at 836 (citing *Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985)).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).  Absolute prosecutorial immunity would not apply where a prosecutor's acts are administrative or investigative in nature.  *Id.*

Plaintiff has failed to demonstrate how defendants Domaine, as a prosecutor, and Nevin, as a Pierce County Superior Court Judge, are exempt from immunity.  Plaintiff must show cause why his complaint should not be dismissed as to these defendants.

### C. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the

name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before **February 5, 2016** the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

//

1  The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
2  civil rights complaint and for service. The Clerk is further directed to send copies of this order
3  and Pro Se Instruction Sheet to plaintiff.

4  Dated this 4th day of January, 2016.

J. Richard Creatura
United States Magistrate Judge