UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT EVATT,<br><br>               Plaintiff,<br><br>   v.<br><br>MARY MARTIN, et al.<br><br>              Defendants. | CASE NO. 3:15-CV-05756-RBL-JRC<br><br>ORDER TO SHOW CAUSE |

Plaintiff Scott Evatt, proceeding *pro se* and *in forma pauperis,* filed this civil rights complaint under 42 U.S.C. § 1983.

Plaintiff alleges that his constitutional rights were violated when he was convicted of a felony for violating a no-contact order. However, plaintiff's claims amount to an attack on the constitutional validity of plaintiff's criminal proceeding, which has not been overturned and plaintiff seeks monetary damages against immune defendants and defendants who are not state actors. Accordingly, having reviewed and screened plaintiff's second amended complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's second amended complaint (Dkt. 15), but provides plaintiff leave to file a third amended complaint by March 11, 2016, to cure the deficiencies identified herein.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff, who is currently housed at the Monroe Correctional Center (MCC) alleges that on June 28, 2013, he was arrested for "burglary, and a stolen car, and a misdemeanor violation of a no-contact order violation, cause number #1ZC003197." Dkt. 15 at 3. Plaintiff alleges that "the two felonies were dropped" because his brother lied against him. *Id.*

Although his complaint is not clear, the Court interprets the allegations in plaintiff's complaint to allege that the charge related to the no-contact order violation was not dropped and that plaintiff was subsequently convicted of violating the no-contact order. *Id.* at 3, 4, 8, 9. Plaintiff alleges that on July 1, 2013, he was "re-arraign[ed]" by defendant Demaine, a prosecutor, for violating the no-contact order. *Id.* at 3. Furthermore, plaintiff alleges throughout his complaint that he was imprisoned based on defendants' actions and that he was forced to plead guilty. *Id.* at 5-37.

The Court notes that plaintiff's allegations against each defendant are several pages long but for the most part, repetitive. *See id.* at 3-37.

Plaintiff alleges that defendant Demaine, a prosecutor, wrongfully charged him with a "false" felony and that he was subjected to false imprisonment. *Id.* at 5, 7, 8. Plaintiff also alleges he was forced to plead guilty, even though he is innocent. *Id.* at 5. Plaintiff alleges that defendant Demaine did not investigate the no-contact order to see if plaintiff could be charged with a felony. *Id.* at 6-8. Plaintiff also appears to allege that defendant Demaine's actions constituted a violation of his right to equal protection. *Id.* at 8.

Plaintiff alleges that defendant Martin, an attorney with "DAC [Department of Assigned Counsel]," violated his rights when she failed to hire an investigator, did not investigate the inactive no-contact order, failed to stop the prosecutor from charging plaintiff with a felony, and

1 did not allow plaintiff to present his defense. *Id.* at 9, 11, 14. Plaintiff alleges that she did not
2 allow him to petition the government for a "redress of grievances." *Id.* at 9. Plaintiff alleges that
3 defendant Martin did not ethically defend him and that she showed bias against him. *Id.* at 10.

4      Plaintiff alleges that defendant McNeish, also an attorney, failed to investigate, failed to
5 defend plaintiff, failed to allow plaintiff to present his defense and "jealously represented"
6 plaintiff along with defendant Martin. *Id.* at 14-17. Plaintiff alleges he was forced to fire
7 defendants McNeish and Martin. *Id.* at 14. Plaintiff alleges that defendant McNeish failed to
8 investigate the no-contact order which was invalid, failed to question witnesses and investigate
9 cause #1ZC003197. *Id.* at 16-18.

10      Plaintiff alleges that defendant Franz, another attorney, was biased and "jealously"
11 represented plaintiff. *Id.* at 19, 21, 22, 23. Plaintiff alleges that defendant Franz did not allow
12 plaintiff to present a defense, or petition the government for a redress of grievances. *Id.* Plaintiff
13 alleges that defendant Franz did not investigate his case for five months and was unethical. *Id.* at
14 20.

15      Plaintiff alleges that defendant Eggertson, a prosecutor, violated his rights when she
16 prosecuted plaintiff for over ten months and failed to allow plaintiff to petition the government
17 for a redress of his grievances. *Id.* at 24. Plaintiff alleges that defendant Eggertson knew he was
18 innocent. *Id.* Plaintiff alleges that defendant Eggertson maliciously prosecuted him. *Id.* at 25-27.
19 Plaintiff alleges that defendant Eggertson removed discovery documents. *Id.* at 28.

20      Plaintiff alleges that defendant Nevin, a judge, violated his rights when he denied three
21 motions. *Id.* at 29-35. Plaintiff alleges that defendant Nevin knew Cause #1ZC0003197 was not
22 assaultive and that it was inactive and invalid. *Id.* Plaintiff alleges that defendant Nevin forced
23 his guilty plea and plaintiff could not go to trial. *Id.* Plaintiff alleges that defendant Nevin was
24

prejudiced and biased against plaintiff. *Id.* at 35-36. Plaintiff also appears to allege that defendant Nevin violated his rights to equal protection. *Id.* at 37.

Plaintiff seeks $50,000 in damages for mental anguish, $75,000 in damages for false imprisonment, $75,000 in damages for pain and suffering caused from the oppressive incarceration, and $75,000 in punitive damages. *Id*. at 38.

## DISCUSSION

The Court declines to serve plaintiff's second amended complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### A. Challenge to Convictions/Imprisonment

Although plaintiff's complaint is unclear, it appears that he was convicted for violating a no-contact order and that plaintiff challenges this conviction. Plaintiff seeks monetary damages for his oppressive incarceration and false imprisonment. Dkt. 15 at 3-38. Plaintiff alleges that the actions by defendants Franz, McNeish, and Martin, state appointed attorneys, constitute ineffective assistance of counsel. *Id.* at 10-26 (alleging failure to investigate, failure to allow plaintiff to present a defense). Plaintiff alleges that the actions by defendants Eggertson and

1  Demaine constitute malicious prosecution and defendants Demaine, Eggertson and Nevin
2  subjected plaintiff to false imprisonment, forced plaintiff's guilty plea and were prejudiced
3  against plaintiff. *Id.* at 5-8, 24-38.
4    However, a civil rights complaint under § 1983 cannot proceed when "a judgment in
5  favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it
6  would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction
7  or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*,
8  in other words, says that if a criminal conviction arising out of the same facts stands and is
9  fundamentally inconsistent with the unlawful behavior for which section 1983 damages are
10 sought, the [§] 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.
11 1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought
12 (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to
13 conviction or internal prison proceedings) -- if success in that action would necessarily
14 demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74,
15 81-82 (2005). To obtain federal judicial review of a state court conviction, a party must file a
16 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state
17 judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state
18 court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. §
19 2254(b)(1).
20   The Court notes that although plaintiff repeatedly alleges that his no-contact order was
21 invalid and inactive, plaintiff does not plead any facts demonstrating that the felony conviction
22 that allegedly resulted from violating the no-contact order has been invalidated or overturned.
23
24

REPORT AND RECOMMENDATION - 5

1  Furthermore, although plaintiff alleges that "two felonies were dropped," he does not allege that
2  his conviction for violating the no-contact order was overturned or invalidated.
3        Thus, plaintiff's claims of ineffective assistance of counsel against defendants Martin,
4  Franz and McNeish would "necessarily imply the invalidity" of his criminal proceedings. *See*
5  *id.*; *see also Strickland v. Washington,* 466 U.S. 668, 688 (1984) (to succeed on ineffective
6  assistance claim petitioner must show that counsel's performance fell below objective standard of
7  reasonableness and that but for counsel's errors the result of the trial would have been different);
8  *Lozada v. Deeds,* 964 F.2d 956, 958–59 (9th Cir. 1992) (remedy for ineffective assistance of
9  counsel is a conditional writ granting petitioner's release unless state retries him or allows him to
10 pursue an appeal with the assistance of counsel within a reasonable time).
11       Furthermore, plaintiff's claims of malicious prosecution against defendant Demaine and
12 Eggertson, and false imprisonment, coercion of a guilty plea, and prejudice against defendants
13 Demaine, Eggertson and Nevin would also necessarily imply the invalidity of plaintiff's
14 conviction. *See Heck*, 512 U.S. at 483-87 (concluding that § 1983 claim was not cognizable
15 because allegations were akin to malicious prosecution claim, which includes as an element that
16 the criminal proceeding was concluded in plaintiff's favor); *Cabrera v. City of Huntington Park*,
17 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (concluding that claims for false arrest and false
18 imprisonment were not cognizable because a finding that there was no probable cause to arrest
19 plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for
20 disturbing the peace was invalid).
21       As the Court previously advised plaintiff, it appears that his claims "necessarily imply the
22 invalidity" of his criminal conviction and he has not stated a claim under § 1983. *See Heck*, 512
23 U.S. at 487.  *See* Dkts. 9, 12. However, because the allegations in plaintiff's second amended
24

1  complaint are not entirely clear, the Court will afford plaintiff with one final opportunity to
2  allege specific facts, if he can, showing how his conviction for violating the no-contact order was
3  overturned or invalidated. However, as discussed below, even if his conviction was overturned or
4  invalidated, plaintiff is advised that the named defendants are immune from damages and not
5  state actors under § 1983, *see infra.*

### B. Equal Protection

To the extent that plaintiff alleges that the actions of defendants constitutes an equal protection claim under the Fourteenth Amendment, he does not allege that he has been treated differently from a similarly situated class. *See* Dkt. 15. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

Plaintiff does not allege any facts describing how he was treated differently than other defendants in criminal proceedings. Plaintiff has also failed to allege any facts showing discriminatory intent or purpose. *See Draper*, 315 F.2d at 198. Accordingly, plaintiff has failed to state an equal protection claim and he must show cause to demonstrate why this claim should not be dismissed. However, as discussed below, even plaintiff had stated an equal protection claim, plaintiff is advised that the named defendants are immune from damages and not state actors under § 1983, *see infra.*

1     **C.  Defendants Demaine, Eggertson and Nevin**

2     Plaintiff names defendants Demaine and Eggertson in his second amended complaint and
3 alleges that they are prosecutors. Dkt. 15 at 8, 9, 27, 28. Plaintiff alleges that defendant Nevin is
4 a judge. *Id.* at 29-37.

5     Despite their capacity as state actors, "certain government officials require absolute
6 immunity from liability in order to enable them to function independently and effectively,
7 without fear of intimidation or harassment." *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir.
8 1991). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their
9 official capacity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). Absolute prosecutorial
10 immunity would not apply where a prosecutor's acts are administrative or investigative in nature.
11 *Id.* A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived
12 the defendant of his or her liberty. *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986).
13 Judges are also entitled to absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 359
14 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his
15 judicial acts even if his exercise of authority is flawed by the commission of grave procedural
16 errors."); *Ashelman,* 793 F.2d at 1075 ("Judges and those performing judge-like functions are
17 absolutely immune from damage liability for acts performed in their official capacities.").

18     Plaintiff has failed to demonstrate how defendants Eggertson and Domaine, as
19 prosecutors, and defendant Nevin, as a judge, are exempt from immunity.  Plaintiff must show
20 cause why his complaint should not be dismissed as to these defendants.

21     **D.  Defendants Martin, Franz, and McNeish**

22     Plaintiff alleges that defendants Martin, Franz and McNeish, in their position as
23 plaintiff's appointed attorneys, are liable under § 1983. However, to state a claim for relief under
24

§ 1983, plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Furthermore, where public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *see also Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009) (assigned public defender is ordinarily not considered a state actor).

Here, plaintiff has alleged that defendants Martin, McNeish and Franz are state appointed counsel; therefore, they are not state actors and cannot be liable under § 1983. Plaintiff must show cause why defendants Martin, McNeish, and Franz should not be dismissed for failure to state a claim.

**E.  Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's second amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a third amended complaint and within the third amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

1  Plaintiff shall present the third amended complaint on the form provided by the Court.
2  The third amended complaint must be legibly rewritten or retyped in its entirety, it should be an
3  original and not a copy, it should contain the same case number, and it may not incorporate any
4  part of any prior complaint by reference. The third amended complaint will act as a complete
5  substitute for any prior complaint, not as a supplement.  An amended complaint supersedes the
6  original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in*
7  *part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the
8  third amended complaint must be complete in itself and all facts and causes of action alleged in
9  any prior complaint that are not alleged in the third amended complaint are waived. *Forsyth,* 114
10 F.3d at 1474. The Court will screen the third amended complaint to determine whether it
11 contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.
12 The Court will not authorize service of the third amended complaint on any defendant who is not
13 specifically linked to a violation of plaintiff's rights.

14     If plaintiff fails to file a third amended complaint or fails to adequately address the issues
15 raised herein on or before **March 11, 2016** the undersigned will recommend dismissal of this
16 action as frivolous pursuant to 28 U.S.C. § 1915.

17     The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
18 civil rights complaint and for service. The Clerk is further directed to send copies of this order
19 and Pro Se Instruction Sheet to plaintiff.

20     Dated this 16th day of February, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10